IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. FRAZIER,<br>*Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| THE CITY OF PHILA,<br>THE COMMONWEALTH OF PA,<br>*Defendants* | : | NO. 17-4608 |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                    **OCTOBER 20, 2017**

Plaintiff Mark S. Frazier ("Mr. Frazier") filed a motion to proceed *in forma pauperis* and a complaint against the City of Philadelphia and the Commonwealth of Pennsylvania based on an alleged unlawful arrest that occurred in April of 2016. [ECF 1]. For the reasons stated herein, this Court will grant Mr. Frazier's motion to proceed *in forma pauperis*, dismiss his complaint, and provide leave to amend the complaint.

### I.   FACTS

In his complaint, Mr. Frazier alleges that in 2012 he was "wrongfully evicted from premises which he returned to 3 years ago after giving notice and with others present (2014)." (Compl. at 3.) He contends that in April of 2016, he was arrested "on the premises while he was returning w/o probable cause." (*Id.*) Mr. Frazier states that he was kept there for 11 hours until he was taken to the Curran-Fromhold Correctional Facility, where he was incarcerated for four (4) days. (*Id.*)[1]

---

[1]   Three days before Mr. Frazier filed the instant complaint, he filed a motion to proceed *in forma pauperis* and a complaint in Civil Action No. 17-4597. In that complaint, Mr. Frazier

1

## II. STANDARD OF REVIEW

The Court grants Mr. Frazier leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Mr. Frazier is proceeding *pro se*, this Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, Mr. Frazier must allege that "the wrongdoers . . . violate[d] [his] federal rights . . ., and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). However, Mr. Frazier's claims against the Commonwealth of Pennsylvania are legally without merit because the Commonwealth is not subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"). Moreover, Mr. Frazier also has not stated a claim against the City of Philadelphia because he has not alleged a municipal custom or policy that led to the violation of his rights. *See Monell v. Dep't of Soc.*

---

vaguely alleges violations of copyright, and also alleges that "[t]he city used police to cite and arrest plaintiff wrongfully separating him from his wares."

*Servs.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom). Thus, the complaint does not state a claim as pled, and the Court will dismiss Mr. Frazier's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, Mr. Frazier alleges that he was wrongfully arrested without probable cause for being present on premises from which he had previously been evicted. Accordingly, Mr. Frazier will be given leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event he can state a plausible claim against the individual officers involved. Any amended complaint shall be a complete document that identifies all of the defendants in the caption of the amended complaint in addition to the body of the amended complaint, and clearly describe the basis for his claims against each defendant. Mr. Frazier should also clearly identify when he was allegedly wrongfully arrested. Mr. Frazier is advised that if he fails to file an amended complaint, his case may be dismissed for failure to prosecute without further notice.

### IV. CONCLUSION

For the foregoing reasons, this Court will dismiss Mr. Frazier's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to Mr. Frazier's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.